Hon. Ronald B. Leighton

FILED ___ LODGED
___ RECEIVED
AUG 29 2011
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA S. DEAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AURORA BANK F.S.B., a Delaware Corporation, US BANK N.A., a Minnesota Corporation, GREENPOINT MORTGAGE FUNDING, INC., a California Corporation; RAINIER TITLE, a Washington Corporation; GMAC MORTGAGE, LLC f/k/a GMAC MORTGAGE CORPORATION, a Pennsylvania Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; LSI TITLE AGENCY, INC., a Washington Corporation; EXECUTIVE TRUSTEE SERVICES, LLC, a California Corporation,<br><br>Defendants. | NO. C11-05339 RBL<br><br>ORDER GRANTING GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS<br><br>[Dkt. #13] |

THIS MATTER is before the Court on Defendant GreenPoint Mortgage Funding, Inc.'s Motion to Dismiss [Dkt. #13]. The case represents Plaintiff's second litigation[1] effort to preclude foreclosure. This time, Plaintiff apparently seeks to conduct a "short sale," instead. Plaintiff's prior lawsuit against GreenPoint was dismissed without prejudice.

---

[1] *See* Cause No. C11-5104RJB, Western District of Washington.
ORDER GRANTING GREENPOINT MORTGAGE FUNDING,
INC.'S MOTION TO DISMISS - 1

3140165.1

The case is largely a garden variety attempt by an in-default borrower to stave off foreclosure, except as it relates to Defendant GreenPoint. GreenPoint was Plaintiff's initial lender in October, 2006. Plaintiff borrowed $224,200, evidenced by a Note, and secured by a Deed of Trust. The Deed of Trust included language naming MERS as a beneficiary.

According to GreenPoint, it sold the Note and Deed of Trust almost immediately. Documents apparently referenced in the Plaintiff's Complaint show that such a transfer was contemplated and authorized. GreenPoint's interest in the loan transaction ended more than four years prior to the commencement of this action. According to GreenPoint, Plaintiff became delinquent in her payments to GreenPoint's successor(s) in April, 2009.

Plaintiff's Complaint alleges the usual panoply of transgressions on the part of her foreclosing lender. She also alleges that GreenPoint, her original lender, is liable for "aiding and abetting" the wrongful acts of its successors; that it violated of the Fair Debt Collection Practices Act by facilitating other Defendants' threats of foreclosure; improperly and illegally executed on the Deed of Trust; and defamed plaintiff's title. The only allegation made by Plaintiff directly about GreenPoint is her claim that MERS was not a proper beneficiary and that GreenPoint is liable for everything that followed because its Deed of Trust named MERS as a beneficiary.

GreenPoint seeks Dismissal (with prejudice, given the prior dismissal) under Rule 12(b)(6). It argues that plaintiff has not and cannot plausibly state a claim for relief against GreenPoint for acts undertaken by its successors years later, when it had no connection whatsoever to those acts.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. See *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

It is true that, despite the large number of foreclosures in the past several years (and the large number cases filed by in-default debtors seeking to find some way to stop them), MERS' status as a proper beneficiary under the Washington Deed of Trust Act (Chapter 61.24 RCW) remains an open question. Indeed, Judge Coughenour of this court recently certified three questions on this subject to the Washington State Supreme Court. *See Bain v. Metropolitan Mortgage*, Cause No. 09-0149JCC, Dkt. #159. The certified questions are:

- Is Mortgage Electronic Registration Systems, Inc., a lawful "beneficiary" within the terms of Washington's Deed of Trust Act, Revised Code of Washington section 61.24.005(2), if it never held the promissory note secured by the deed of trust?

- If so[2], what is the legal effect of Mortgage Electronic Registration Systems, Inc., acting as an unlawful beneficiary under the terms of Washington's Deed of Trust Act?

- Does a homeowner possess a cause of action under Washington's Consumer Protection Act against Mortgage Electronic Registration Systems, Inc., if MERS acts as an unlawful beneficiary under the terms of Washington's Deed of Trust Act?

Judge Coughenour stayed at least two cases involving allegations against MERS pending resolution of these three questions. And it is clear that the Washington Supreme

---

[2] From the context, it appears that the question should have been, "If *not*..." In any event, the Supreme Court will presumably provide guidance on what MERS is, and is not.

ORDER GRANTING GREENPOINT MORTGAGE FUNDING,
INC.'S MOTION TO DISMISS - 3

Court's answers to these questions will assist this Court and others in evaluating the viability of claims against MERS. No matter what the answers are, however, they are not going to bolster Plaintiff's rather novel claim that GreenPoint is liable to her for entering into a contract with Plaintiff which named MERS as a beneficiary. That claim has no precedent, and its viability does not depend on the Supreme Court's answers to the certified questions. The claim is not plausible under the *Twombly/Iqbal* standard.

Accordingly, Defendant GreenPoint's Motion to Dismiss [Dkt. #13] is GRANTED, and all of Plaintiff's claims against GreenPoint are DISMISSED WITH PREJUDICE. The Court will entertain GreenPoint's claim for costs and fees if a Motion seeking the same is filed within 21 days of this Order.

**IT IS SO ORDERED.**

DATED this 29th day of August, 2011.

Ronald B. Leighton
UNITED STATES DISTRICT JUDGE